# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTIAN ENRIQUE ARCIA RODRIGUEZ, and GREISY LISBET HARRISON FONSECA, as next of Christian Enrique Arcia Rodriguez,<br><br>    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of United States Department of Homeland Security; PAMELA BONDI, United States Attorney General; SCARLETT GRANT, Warden of Cimarron Correctional Facility,[1]<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-26-355-D<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Christian Enrique Arcia Rodriguez, who is currently detained in the Cimarron Correctional Facility, by the United States Immigration and Customs Enforcement (ICE), is named as Petitioner in this 28 U.S.C. § 2241 habeas corpus action. (ECF No. 1). A

---

[1] Petitioner named the Warden of CoreCivic Cimarron Correctional Facility, Director Respondent and Director of ICE Field Office. (ECF No. 1:1). "The proper respondent to a habeas petition is the person who has custody over the petitioner." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citation modified). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. But because ICE "is in complete control of detainees' admissions and release" and is housed within the Department of Homeland Security, "the Attorney General of the United States [Pamela Bondi] and the Secretary of Homeland Security [Kristi Noem]" are also appropriate respondents. *Rafati v. Barr*, Case No. 20-CIV-411, 2020 WL 12968837, at *1 (E.D. Okla. Dec. 22, 2020) (quoting *Calderon v. Sessions*, 330 F. Supp. 3d 944, 953 (S.D.N.Y. 2018)); *cf. Fonseca-Hernandez v. Longshore*, 6 F. Supp. 3d 1198, 1212 (D. Colo. 2013) ("[T]his Court concludes that either the Attorney General or [the Department of Homeland Security] Secretary is the proper respondent.").

"If a petitioner names the wrong respondent, this Court may simply substitute the correct party." *Dopp v. McCoin,* No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019). The undersigned does so here by substituting Kristi Noem, Pamela Bondi, and Scarlett Grant as respondents.

layperson named Greisy Lisbet Harrison Fonseca, purports to have filed the petition as Petitioner's "Next Friend." (ECF No. 1:2 and 1-1)(Declaration of Next Friend). Chief United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). *See* ECF No. 4.

Because the Petition is not signed by Petitioner, the Petition is deficient, and Petitioner must file an amended petition no later than **April 6, 2026.**

## I.    MR. ARCIA RODRIGUEZ HAS NOT SIGNED THE PETITION

Although named as Petitioner, Mr. Arcia Rodriguez has not signed the petition for writ of habeas corpus. *See* ECF No. 1:9. Habeas Corpus Rule 2(c)(5) provides that "the petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." And Fed. R. Civ. P. 11(a) requires "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."

## II.    MS. FONSECA HAS NOT ESTABLISHED NEXT FRIEND STANDING

A "next friend" may pursue relief on behalf of a detained person who is unable to seek relief on his own. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. This is because the next friend doctrine "was not intended" to be available, "as a matter of course," "[to] intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164 (internal quotation marks omitted). "Indeed, if there were no restriction on 'next friend' standing in federal courts, the litigant asserting

only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art[icle] III simply by assuming the mantle of 'next friend.'" *Id*.

So, to pursue a case as a next friend, the proposed next friend must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id*. at 165; *see also Williams*, 1999 WL 34856, at *5 ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."); Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts, advisory committee note to 2004 amendments ("The Committee envisions that the courts would apply [the] . . . 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner."). The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and "have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. The burden is on the next friend to "clearly establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164; *see also Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016) (denying certificate of appealability and dismissing appeal of "next friend" who failed to satisfy the *Whitmore* factors for next friend standing); *Williams*, 1999 WL 34856, at *5 (holding that "a next friend applicant must explain why the detainee did not sign and verify the petition, and if he cannot do so, the court is without jurisdiction to consider it" (internal quotation marks omitted)).

Ms. Fonseca does not satisfy the *Whitmore* factors. She states "she is filing this petition as his lawful next friend due to his current immigration detention and inability to

personally access the Court in a meaningful manner." *See* ECF No. 1-1. However, these declarations alone do not demonstrate that Petitioner is unable to litigate his own case due to mental incapacity or lack of access to the courts. Neither Petitioner's status as a detainee nor his alleged inability to sign demonstrate that Petitioner was unable to file his petition justifying the need for a next friend. *See, e.g., Jiron,* 671 F. App'x at 706 (rejecting father's attempt to act as next friend when he failed to show how his daughter's incarceration and failure to receive certain documents from the district court "interfered with her ability to communicate with the district court"). Finally, Ms. Fonseca does not assert Mr. Arcia Rodriguez has authorized her to sign, verify, and mail the Petition on his behalf. *See* ECF No. 1-1. Accordingly, without proof of Petitioner's authorization and his inability to act on his own behalf, the Court declines to recognize Ms. Fonseca as Petitioner's "next friend." *Williams*, 166 F.3d 1223, at *5.

Further, even if Ms. Fonseca were to be appointed as Petitioner's next friend, she could not represent Mr. Arcia Rodriguez or sign filings on his behalf but would have to employ counsel to do so. *See Sutton v. Doe 1*, 736 F. App'x 212, 213 (10th Cir. 2018) ("However, pro se litigants, as [Plaintiff] is in this case, may not bring 'next friend' suits." (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986))); *see also Franklin v. Dep't of Homeland Sec.,* No. 19-CV-00314, 2019 WL 2183411, at *2 (D. Colo. May 20, 2019) (R&R) (applying the *Meeker* rule to a § 2241 habeas proceeding).

## III.    MS. FONSECA IS NOT AN ATTORNEY

Ms. Fonseca prepared the Petition and is attempting to pursue this case on Mr. Arcia Rodriguez's behalf. (ECF Nos. 1 and 1-1). But Ms. Fonseca is not an attorney and so she cannot represent Mr. Arcia Rodriguez or file documents on his behalf. *See, e.g.,*

*Williams*, 1999 WL 34856, at *5 ("Since Mr. Shaffer does not qualify as a 'next friend,' as a lay person he may not participate in the unauthorized practice of law by filing petitions and briefs on behalf of another in violation of state and federal provisions governing the practice of law."). The Court may also dismiss the petition on this basis. *See id.* (holding the petitioner was "not entitled to have an unlicensed lay person 'represent' him in . . . the district court").

## IV.   CONCLUSION

Mr. Arcia Rodriguez did not sign the Petition and Ms. Fonseca has not shown she was authorized to sign or submit the Petition on Mr. Arcia Rodriguez's behalf or that she is an attorney representing Mr. Arcia Rodriguez. As a result, Mr. Arcia Rodriguez must file an amended petition signed either (1) by a licensed attorney or, (2) should he wish to proceed *pro se*, by himself personally. Any amended petition must be filed not later than **April 6, 2026.**

Failure to comply with this Order may result in the dismissal of this action without prejudice to re-filing.

**IT IS SO ORDERED** on March 20, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE