# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CHRISTIAN ENRIQUE ARCIA RODRIGUEZ,[1]    )
       )
       )
    Petitioner,       )
       )
v.       )  Case No. CIV-26-355-D
       )
MARKWAYNE MULLIN Secretary of United    )
States Department of Homeland Security;    )
TODD BLANCHE, Acting United States Attorney  )
General; SCARLET GRANT, Warden    )
of Cimarron Correctional Facility,    )
       )
    Respondents.[2]    )

## ORDER

Petitioner, a citizen of Cuba proceeding without counsel, filed a petition for writ of

habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S.

---

[1] Greisy Lisbet Harrison Fonseca was terminated as next of Christian Enrique Arcia Rodriguez on March 31, 2026., the date the Petitioner's Amended Petition (ECF No. 6) was entered.

[2] "The proper respondent to a habeas petition is the person who has custody over the petitioner." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citation modified). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. But because ICE "is in complete control of detainees' admissions and release" and is housed within the Department of Homeland Security, "the Attorney General of the United States [Todd Blanche] and the Secretary of Homeland Security [Markwayne Mullin]" are also appropriate respondents. *Rafati v. Barr*, Case No. 20-CIV-411, 2020 WL 12968837, at *1 (E.D. Okla. Dec. 22, 2020) (*quoting Calderon v. Sessions*, 330 F. Supp. 3d 944, 953 (S.D.N.Y. 2018)); cf. *Fonseca-Hernandez v. Longshore*, 6 F. Supp. 3d 1198, 1212 (D. Colo. 2013) ("[T]his Court concludes that either the Attorney General or [the Department of Homeland Security] Secretary is the proper respondent.").

"If a petitioner names the wrong respondent, this Court may simply substitute the correct party." *Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019), adopted, 2019 WL 1952693 (W.D. Okla. May 2, 2019). The undersigned does so here by substituting Markwayne Mullin, Todd Blanche, and Scarlet Grant as respondents.

Immigration and Customs Enforcement ("ICE").[3] (ECF No. 6). Chief United States District Judge Timothy D. DeGiusti referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (ECF No. 4). The undersigned has examined the Petition and now orders as follows:

1. Respondents shall file an answer, motion or other response within fourteen (14) days from this order's date, consistent with Rule 5(b), (d) of the Rules Governing Section 2254 Cases.[4]

2. If Respondents file an answer or other response, Petitioner may file a reply within seven (7) days from the filing date. *See* Rule 5(e) and LCvR7.1(h). Filing of an oversized reply brief without prior leave of Court will result in the striking of the oversized entry.

    or

    If Respondents file a motion, Petitioner shall file a response within fourteen (14) days after the date the motion was filed. If a party does not oppose a motion within 21 days, the Court may, in its discretion, deem the motion confessed. *See* LCvR7.1(g).

3. If Respondents file a response, they must provide copies specifically discussed within any response they submit, and must include copies specific to Petitioner's current detainment, current bond hearings, related past orders for supervision subject to the current detainment and travel documents secured for this petitioner, if any. Respondents shall not be required to produce Petitioner's entire A-File and Respondent is not required to submit duplicate documentation if already provided by Petitioner.

4. If applicable, Respondents are ordered to provide the statutory basis for the re-detention/the basis on which the Petitioner's release was revoked— i.e., 8 C.F.R. §§ 241.4 or 241.13, along with applicable and related subsections.

---

[3] Petitioner is housed at Cimmaron Correctional Facility in Cushing, Payne County, Oklahoma. *See* ECF No. 1:1.

[4] "The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241." *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)); *see also* Rule 1(b).

5.    The Court directs the Clerk of Court to send the petition and this order to the United States Attorney for the Western District of Oklahoma on Respondents' behalf at the following address: 210 W. Park Ave., Suite 400, Oklahoma City, Oklahoma 73102

6.    In addition, Respondents shall provide this Court with at least 72 hours' advance notice of any scheduled removal or transfer of Petitioner out of this Court's jurisdiction.

**IT IS SO ORDERED** on April 21, 2026.

_____

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE