**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHRISTIAN ENRIQUE ARCIA RODRIGUEZ** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-355-D** |
| **MARKWAYNE MULLIN et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Christian Enrique Arcia Rodriguez, a noncitizen[1] and Cuban national proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge Timothy D. DeGiusti referred the case to the undersigned magistrate judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Because Petitioner is no longer in ICE custody and this Court can grant no relief to him, the undersigned recommends the Court dismiss the Petition as moot.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 31, 2026, while in custody of Immigration and Customs Enforcement (ICE) at Cimarron Correctional Facility in Cushing, Oklahoma, Mr. Rodriguez filed an amended habeas Petition, challenging his detention there. *See* ECF No. 6. On July 15, 2026, Respondents informed the Court that an Immigration Judge granted Petitioner asylum and if no appeal was filed by July 29, 2026, the order would be final and Mr.

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr,* 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. 1101(a)(3)).

Rodriguez would be released from ICE custody. (ECF No. 12). In support, Respondents offered evidence of the judge's order granting Petitioner's petition for asylum. See ECF No. 12-1. Indeed, an independent search reveals that Petitioner is no longer in ICE custody.[2] Accordingly, the Court should dismiss the Petition as moot.

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

## III. DISMISSAL OF THE PETITION AS MOOT

Petitioner properly filed his Petition in this district because he was detained here at the time of filing. (ECF No. 1); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (noting a § 2241 petition "must be filed in the district where the prisoner is confined"). Petitioner satisfied the "in custody" requirement under § 2241 "at the time the petition was filed." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (noting that petitioner met the "in custody" requirement of § 2241 because he was "in custody at the time of filing" (quoting 28 U.S.C. § 2241)).

---

[2] *See* https://locator.ice.gov/odls/#/results (last visited August 4, 2026).

"The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7.

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.' " *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation modified). This means "an actual controversy must be extant at all stages of review, not merely at time the [petition] is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (citation modified). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (citation modified). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

But now, Petitioner is no longer in ICE custody. *See supra*. Though jurisdiction attached in this district when Petitioner filed his Petition here, his subsequent release from ICE custody may render his Petition moot. The Petition does not become moot, however, merely because Petitioner has been released. If a petitioner "has been released from custody while his or her habeas petition is pending, a court's jurisdiction depends upon the existence of 'collateral consequences ... adequate to meet Article III's injury-in-

fact requirement.' " *King v. Ciolli*, No. 23-1201, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (quoting *Spencer*, 523 U.S. at 14). To overcome mootness after release from custody, a petitioner must show "some concrete and continuing injury" "if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner challenges his detention, and not any underlying removal order. *See* ECF No. 6. Courts have concluded that a petitioner's release from immigration custody mooted his habeas challenge to the legality of his detention, where the only possible "continuing injury" or collateral consequence "stems from his removal order, not his detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). Further, any determination now as to whether Petitioner's detention violated his due process rights would amount to an advisory opinion that this Court cannot issue. *Id.* (declining "to issue an advisory opinion regarding [petitioner's] entitlement to a bond hearing because a declaratory judgment on that question would have no meaningful effect on the [immigration officials'] future conduct" with petitioner).

Petitioner is no longer in ICE custody, and the relief he requests is no longer available and cannot be redressed by a favorable judicial decision. The undersigned is not aware from the record of any collateral consequences to Petitioner that would constitute an exception to the mootness doctrine. As such, Petitioner's habeas challenge to his detention no longer presents a case or controversy subject to this Court's jurisdiction, and the Petition should be dismissed as moot. *See, e.g., Sule v. I.N.S.*, 189 F.3d 478, 1999 WL 668716, at *1 (10th Cir. 1999) (unpublished table decision) (concluding that an immigration detainee's "release [from immigration custody through

deportation] has mooted his challenge to the legality of his detention"); *Souphanthong v. Bondi*, No. CIV-25-1220-D, ECF No. 16, (W.D. Okla. Dec. 1, 2025) (recommending dismissal of habeas petition as moot when petitioner was removed to home country and no longer in ICE custody) (R&R), *adopted*, ECF No. 20 (W.D. Okla. Dec. 16, 2025); *McLean v. Bondi*, No. CIV-25-1165-PRW, ECF No. 11 (W.D. Okla. Oct. 23, 2025) (same) (R&R), *adopted*, ECF No. 18 (W.D. Okla. Nov. 14, 2025); *Bolom Vazquez v. Holt*, No. CIV-25-1191-J, ECF No. 12 (W.D. Okla. Nov. 6, 2025) (recommending dismissal of habeas petition as moot when petitioner's request for cancellation of removal was granted and he was released from ICE custody) (R&R), *adopted*, ECF No. 13 (W.D. Okla. Nov. 21, 2025).

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Petitioner's release from ICE custody renders his Amended Petition moot, as there is no longer an actual case or controversy for the Court to decide. The undersigned therefore recommends that the Court **DISMISS** the Amended Petition, ECF No. 6, as moot.[3]

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **August 10, 2026**, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to

[3] Respondents have filed a Motion to Dismiss the Amended Petition. *See* ECF No. 9. If the Court adopts this recommendation, the Motion to Dismiss should be terminated as moot.

appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on August 4, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE